White, J.
 

 delivered the following opinion of the Court: —
 

 The substance of this case is that Lurry, representing that he had a right so to do, sold the complainant a land warrant, and to secure the payment of the consideration thereof the complainant executed to Lurry his bill single. Lurry put this into the hands of one M’Clendan, with authority to sell it or receive the money. M’Clendan sold and delivered, but did not assign the bill single to Sneed, one of the defendants. Sneed caused a suit to be commenced on the bill single, in the name of Lurry, for his use. After the suit was at issue, Lurry gave the complainant a release against the bill, which he wished to plead, and the court of law would not permit him; and it is now satisfactorily established that Lurry had no right to the land warrant, nor had he any authority to dispose of the same. The suit at law was prosecuted to judgment, and the object of this bill is to enjoin the defendants from collecting the amount.
 

 In this case, as against Lurry, it is clear the complainant would be entitled to relief.
 

 This bill single, by our laws, being a negotiable paper, in like manner as a bill of exchange, if it had in fact been assigned to Sneed for a valuable consideration, before it was due, and without any notice of the consideration for which it was given, it is conceived that Sneed would have been entitled to receive its contents in equity as well as in law. But in this case it was not in fact assigned. Lurry’s name was still to be used at law for its collection, and it ought not now to be viewed in this Court in a different situation from a paper not negotiable, but which had in truth been assigned. In such a case the instrument in the hands of an assignee is liable to every equity which it would have been subject to in the hands of the obligee.
 

 To exempt an instrument of writing in the hands of a third person from
 
 *249
 
 the equity to which it would have been liable in the hands of the payee, it ought to appear not only that it was negotiable in its nature, but likewise that it had been negotiated in the manner prescribed by law, so as to enable the holder of it, in all respects, to treat it as his own.
 

 It would therefore seem that the defendant, Lurry, and all concerned claiming under him, should be perpetually enjoined from collecting this judgment, and that Lurry should pay all the costs, both at law and in this Court; but as it is not certain that those costs can be collected from Lurry, let the complainant pay them in the first instance, and have them reimbursed from Lurry if he can find any property.